## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **GLORIA PAUL and STEPHANIE BECKER, individually and on behalf of all other similarly situated individuals,** | **CASE NO.:** |
| **Plaintiffs,** | |
| | **Judge** |
| **vs.** | **Magistrate Judge** |
| **4477 MONROE STREET, LLC d/b/a CHUCK'S ON MONROE** | **CLASS AND COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND** |
| c/o Beau Harvey, Statutory Agent 8130 Timothy Lane Sylvania, Ohio 43560 | **Widman & Franklin, LLC John D. Franklin (0055359) Kera L. Paoff (0082674)** |
| AND | **405 Madison Ave., Suite 1550 Toledo, Ohio 43604** |
| **WALTER SMARSZCZ** 274 Majestic Drive Toledo, Ohio 43608 | **Ph.: (419) 243-9005 Fax: (419) 243-9404 John@wflawfirm.com Kera@wflawfirm.com** |
| **Defendants.** | **Attorneys for Plaintiffs** |

## <u>INTRODUCTION</u>

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay wages and overtime compensation due to Plaintiffs and other similarly situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* as well and the applicable wage and hour laws and regulations set forth in Ohio Revised Code §§ 4111.01, 4111.03, 4111.10, and 4113.15 (collectively referred to as "Ohio law claims" or "state law claims").

2. With respect to Plaintiffs' Ohio law claims, Plaintiffs bring this action as a class action, individually, and on behalf of similarly situated individuals pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b).

3. With regard to the claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

## JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under federal law – FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' Ohio law claims set forth herein pursuant to 28 U.S.C. § 1367 because the claims arise out of the same case and controversy.

6. Venue is properly laid in the Northern District of Ohio under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Lucas County, Ohio and Defendant conducts substantial business within this District.

## PARTIES

7. Plaintiff, Gloria Paul ("Paul"), is an individual residing in the Village of Swanton, County of Lucas, Ohio.

8. Plaintiff, Stephanie Becker ("Becker"), is an individual residing in the City of Toledo, County of Lucas, Ohio.

9. Defendant, 4477 Monroe Street, LLC, d/b/a Chuck's on Monroe ("Defendant

2

Chuck's"), is a domestic limited liability company organized under the laws of the State of Ohio, conducting business in the State of Ohio, County of Lucas, City of Toledo.  At all times relevant to this Complaint, Defendant Chuck's was Plaintiffs' employer.

10. Defendant Walter Smarszcz ("Defendant Smarszcz"), is an individual and upon information and belief, resides in the City of Toledo, County of Lucas, Ohio. At all times relevant to this Complaint, Defendant Smarszcz was the owner of Defendant Chuck's and acted directly or indirectly in the interest of Defendant Chuck's in relation to its employees, including Plaintiffs and other putative class members, by hiring and firing, enforcing policies and pay practices, directing the work, and maintaining the records of Defendant Chuck's employees. Therefore, Defendant Smarszcz was an individual employer.

11. Based on the foregoing, Defendants were and continue to be joint employers over Plaintiffs and the putative class members and collectively, to their mutual financial benefit and competitive business advantage, harmed Plaintiffs and the putative class members in violation of the FLSA.

12. At all times relevant to this Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

13. Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated employees of Defendants, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendants as described herein.

3

14. In addition, Plaintiffs bring this action in their individual capacities, separate and apart from the class and/or collective action claims set forth herein.

**FLSA COLLECTIVE ACTION**

15. Plaintiffs bring the FLSA collective action claims on behalf of themselves and all other indvdiuals employed by Defendants from three years preceding the filing of this lawsuit through the culmination of this litigation in the position of bartender, or other tipped position, and were not paid the required minimum wage and/or overtime premium.

16. Plaintiffs brings the FLSA collective action claims under 29 U.S.C. § 216(b). Plaintiffs and other "tipped" employees are similarly situated in that they have been or are employed in the same positions; they were or are subject to the same or similar unlawful practices, policy or plan of Defendants not paying them proper compensation; and their claims are based upon the same legal theory.

**RULE 23 CLASS ACTION ALLEGATIONS**

17. Plaintiffs bring the second and third causes of action under Rule 23 of the Federal Rules of Civil Procedure, for themselves and on behalf of a class consisting of all persons who have worked for Defendants in Ohio from three years preceding the filing of this lawsuit through the culmination of this litigation in the position of bartender, or other tipped position, and were not paid the required minimum wage and/or overtime premium.

18. Class certification for the claims is appropriate under Federal Rules of Civil Procedure 23(a), and 23(b)(3) because all of the requirements of those Rules are met.

4

19. The class is so numerous that joinder of all members is impracticable.

20. There are questions of law and fact common to the class, including whether the putative class members were not compensated for all hours worked including proper minimum wage and/or overtime pay in violation of Ohio law.

21. The named Plaintiffs' claims are typical of those of the class members.  Plaintiffs' claims encompass the challenged practices and course of conduct of Defendants. Furthermore, Plaintiffs' legal claims are based on the same legal theories as the claims of the putative class members.  The legal issues as to which laws are violated by such conduct apply equally to Plaintiffs and to the class.

22. The named Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' claims are not antagonistic to those of the putative class and they have hired counsel skilled in the prosecution of class actions.

23. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  This proposed class action under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## GENERAL BACKGROUND

24. Defendants operate a bar/restaurant called "Chuck's" and referred to commonly as "Chuck's on Monroe" located on Monroe Street in Toledo, Ohio.

25. Defendants closed the bar/restaurant in 2014 and reopened in or around October or November of 2015.

26. Paul worked for Defendants prior to its closing in 2014 and became reemployed by Defendants in or around November of 2015 when Defendant Chuck's reopened the bar/restaurant and was most recently employed as a bartender.

27. Becker worked for Defendants prior to its closing in 2014 and became reemployed by Defendants in or around December of 2015 when Defendant Chuck's reopened the bar/restaurant and was most recently employed as a bartender.

28. Paul and Becker ceased working for Defendants in or around February of 2017.

29. Plaintiffs worked in hourly, "tipped", positions.

30. During their employment, Defendants refused to pay Plaintiffs and the putative class member the minimum hourly wage required by federal and state law.

31. Defendants additionally refused to pay Plaintiffs and the putative class members the legally required overtime premium.

32. In particular, for at least the last eight months of the Plaintiffs' employment, Plaintiffs did not receive any compensation from Defendants.

33. Although Plaintiffs and the putative class members received tips from customers, both the FLSA and Ohio law mandate that Defendants still pay the minimum wage set for tipped employees for each hour worked, including paying an overtime premium for all hours worked in excess of forty per week, which they did not.

34. Defendants have a policy and practice of not compensating Plaintiffs and the putative class members for all hours worked.

35. Therefore, Defendants have unlawfully withheld wages, including minimum

wages and overtime wages, to Plaintiffs and members of the putative class.

36. Named Plaintiffs are owed a minimum 40 hours of pay per week at a rate of $4.08 per hour for hours worked in 2017 and $4.05 per hour for hours worked in 2015-2016. The exact amount owed to Plaintiffs and the putative class members, including any unpaid overtime, will be determined after discovery as Defendants are in possession of their time records.

**COUNT ONE**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL**
**OTHER SIMILARLY SITUATED INDIVIDUALS**
**COLLECTIVE ACTION ALLEGATIONS**

37. Defendants have a policy and practice of refusing to pay Plaintiffs and other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act.

38. Defendants' policy and practice resulted and continues to result in Plaintiffs and other similarly situated employees receiving compensation below the statutory minimum wage.

39. Defendants' policy and practice denied and continues to deny Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

40. Defendants knew that they were supposed to pay Plaintiffs, and similarly situated individuals, at a minimum the base minimum hourly rate set by the FLSA for tipped employees regardless of the tips they received, but did not.

41. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

42. Plaintiffs and all other similarly situated individuals who opt into this litigation are entitled to compensation for all hours worked, including minimum wages, overtime hours worked, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

**COUNT TWO**
**VIOLATION OF THE OHIO WAGE ACT, O.R.C. §§ 4111.01, 4111.03, 4111.10**
**ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL**
**OTHER SIMILARLY SITUATED INDIVIDUALS**
**CLASS ACTION ALLEGATIONS**

43. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Wage Act.

44. Defendants have failed to pay Plaintiffs and other tipped employees proper compensation for all hours worked in violation of the Ohio Wage Act.

45. Defendants' policy and practice resulted and continues to result in Plaintiffs and other similarly situated employees receiving compensation below the statutory minimum wage.

46. Defendants' policy and practice denied and continues to deny Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

47. Defendants knew that they were supposed to pay Plaintiffs, and similarly situated individuals, at a minimum the base minimum hourly rate set by the Ohio Wage Act for tipped employees regardless of the tips they received, but did not.

48. Defendants' conduct in this regard is a willful violation of O.R.C. §§4111.01, 4111.03 and 4111.10.

49. Plaintiffs and other similarly situated tipped employees who worked in Ohio are

8

entitled to compensation for all hours worked, including minimum wages, overtime hours worked, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

**COUNT THREE**
**VIOLATION OF THE OHIO PROMPT PAY ACT, O.R.C. § 4113.15, FAILURE TO PAY WAGES WITHIN THIRTY DAYS OF PERFORMING THE WORK ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS**
**CLASS ACTION ALLEGATIONS**

50. Plaintiffs and the members of the putative class are employees within the meaning of the Ohio Prompt Pay Act ("OPPA").

51. Defendants have violated and continues to violate the OPPA because of its willful failure to compensate Plaintiffs and other tipped employees at the time prescribed by the OPPA.

52. During all times relevant to this complaint, Plaintiffs and the members of the putative class are/were not paid wages within 30 days of performing the work.

53. Plaintiffs and similarly situated tipped employees who worked in Ohio are entitled to compensation including liquidated damages, six percent interest on all available compensatory damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiffs claim, individually and on behalf of all other similarly situated as follows:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2. Certification of the Ohio law claims as class action pursuant to Fed. R. Civ. P. 23 and the appointment of Plaintiffs and their counsel to represent the class;

3. An award of unpaid minimum wages under the FLSA and Ohio state law;

4. An award of unpaid overtime wages under the FLSA and Ohio state law;

5. An award of liquidated damages under the FLSA and Ohio state law;

6. Interest;

7. Attorneys' fees and costs under the FLSA and Ohio state law;

8. Such other relief as in law or equity may pertain.

Respectfully submitted,

_____
John D. Franklin (0055359)
Kera L. Paoff (0082674)

Attorneys for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY.**

_____
John D. Franklin (0055359)
Kera L. Paoff (0082674)

Attorneys for Plaintiff